IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERAND ABCARIAN, M.D., F.A.C.S., Plaintiff, ) | |
| ) | |
| v.   ) | |
| ) | |
| TIMOTHY MCDONALD, M.D., J.D., PATRICIA ) | Case No. 08 CV 3843 |
| KALE, WILLIAM H. CHAMBERLIN, JR., M.D., ) | |
| NIKKI CENTOMANI, STUART ALLEN, ) | Honorable Samuel Der-Yeghiayan |
| BARBARA MCCOLGIN, CHRIS J. MOLLET, ESQ., ) | |
| THOMAS R. BEARROWS, ESQ., CHRISTINE ) | Magistrate Judge Nan R. Nolan |
| FLANINGAM, MICHAEL TRUCCO, ESQ., and ) | |
| THE BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF ILLINOIS, Defendants. ) | |

## JOINT INITIAL STATUS REPORT

In accordance with this Court's standing order, the undersigned parties submit the following Joint Initial Status Report prior to the status hearing scheduled for September 9, 2008.

**1.    Nature of claims and counterclaims:**

Plaintiff, Herand Abcarian, M.D., F.A.C.S., Chief of the Department of Surgery and Professor of Surgery at the University of Illinois College of Medicine alleges that certain members of the staff of the University of Illinois and the University of Illinois Medical Center at Chicago, acting under color of law, conspired to and did retaliate against Plaintiff, for public criticism of the performance of certain staff members he made as part of his duties and responsibilities as a member of the Medical Service Plan Board of Directors.  Plaintiff claims that these staff members, arranged for a meritless medical malpractice lawsuit to be prosecuted against him, settled the case without his knowledge that it had ever been filed, and then fraudulently reported to the Illinois Department of Financial and Professional Regulation (IDFPR) and the National Practitioner Data Bank (NPDB) that a medical negligence case against Plaintiff had been settled, thereby causing him to incur considerable expenses to reopen and

1

terminate that case, to respond to investigative demands from the IDFPR, the NPDB and the Florida Department of Health, questioning the status of his license, and to suffer severe mental distress, and personal and professional embarrassment. Plaintiff asserts the following claims: (1) violations of 42 U.S.C. § 1983, free speech on matters of public concern and due process; (2) violations of 42 U.S.C. § 1983, right to trial by jury; (3) violations of 42 U.S.C. § 1983, equal protection of the laws; (4) violations of 42 U.S.C. § 1986, equal protection of the laws; (5) violation of 42 U.S.C. § 1981, equal protection; (6) equitable and other relief for continuing damages arising out of due process and equal protection violations; (7) intentional infliction of mental distress; (8) abuse of process; (9) libel.  No counterclaims have been asserted as of yet.

**2.    Relief sought by Plaintiff:**

Plaintiff seeks: (1) compensatory damages of at least $500,000 per count; (2) punitive damages of at least $100,000 per count; (3) attorneys' fees, costs, and expenses; and (4) such other relief deemed to be equitable and just, including an order requiring the University Defendants to correct the reports filed with the state and federal regulatory authorities.

**3.    Names of the parties not served:** All Defendants have signed waivers of service.

**4.    Principal legal issues:**

The principal legal issues include whether Plaintiff states and can prove a claim for violation of his civil rights and whether Plaintiff states and can prove a claim for intentional infliction of emotional distress, abuse of process, and libel.  Other issues may include whether this suit against the University of Illinois Board of Trustees is barred by the 11th Amendment.

**5.    Principal factual issues:**

Plaintiff contends that the principal factual issues are: (1) whether there existed a conspiracy among Defendants to discredit or injure Plaintiff; (2) whether University employees

usually report settlements of malpractice cases brought against University physicians and if so, who is responsible for such reporting and why was the Behzad case settled and reported in the manner it was; (3) the nature and extend to Plaintiff's damages. Defendants contend that the principal issues also include (1) whether the reports made to the state and federal regulatory authorities by the University of Illinois Defendants about the settlement of a malpractice action against Plaintiff were accurate; (2) whether the University of Illinois Defendants directed that a medical malpractice lawsuit be filed against Plaintiff; (3) whether Plaintiff was aware of the settlement discussions with his former patient's estate while those discussions were occurring; (4) whether Plaintiff suffered any injury or damages as a result of any conduct of Defendants.

**6.  List of pending motions and brief summary of basis for motions:**

Both Defendant Michael Trucco and the University of Illinois Defendants intend to file motions to dismiss Plaintiff's complaint.  The University of Illinois Defendants will be taking the position that Plaintiff's claims against the Board of Trustees are barred by the 11th Amendment and that Plaintiff's claims against the Individual University of Illinois Defendants fail to state a claim.  Defendant Trucco will be taking the position that the complaint fails to state a claim.

**7.  Description of discovery requested and exchanged:** None yet.

**8.  Type of discovery needed:**

If the Court denies the motions to dismiss, discovery will include, but not be limited to, the following subjects: (1) the settlement of the Behzad claim against Plaintiff, including all relevant documentation and depositions of all involved individuals; (2) the actions taken by Defendants  in response to Plaintiff's effort to open up the dismissal with prejudice against him in the Behzad case: (3) the settlement of medical malpractice claims against University physicians, including Plaintiff; (4) the University's policies and procedures for considering and

evaluating medical malpractice claims, including the circumstances surrounding its evaluation and consideration of the Behzad claim; (5) the University's policies and procedures for reporting the settlement of medical malpractice claims to state and regulatory authorities, including the circumstances surrounding the University's submission of reports on the settlement of the Behzad and other claims and the compliance by Defendants with such procedures; (6) Plaintiff's communications with Defendants on matters pertaining to the discharge of his responsibilities to the Medical Service Plan; (7) the sources and use of the funding of the University's Insurance Plan and (8) the parties' communications with the attorney representing the estate of Behzad.

While Plaintiff wishes to commence discovery immediately, Defendants believe that discovery should not begin until resolution of the motions to dismiss. Plaintiff will seek to take discovery of communications between the University of Illinois' in-house counsel and Michael Trucco, but Defendants object that such communications are privileged and not discoverable. .

**9.     Proposed dates:**     The parties request that the Scheduling Order be entered after the rulings on the Motions to Dismiss, but suggest the following dates if the order is entered now:

| Event | Date |
|---|---|
| Rule 26(a) disclosures | September 30, 2008 |
| Fact discovery completion | October 30, 2009 |
| Production of plaintiff's expert reports | December 1, 2009 |
| Deposition of plaintiff's expert | January 4, 2010 |
| Production of defendants' expert reports | January 18, 2010 |
| Deposition of defendants' expert | February 15, 2010 |
| Production of rebutaal expert reports | February 22, 2010 |
| Deposition of rebuttal expert | March 8, 2010 |
| Filing of dispositive motions | April 30, 2010 |
| Filing of pretrial order | June 15, 2010 |

**10.    Estimated date for trial:**    July 1, 2010

**11.    Probable length of trial:** The parties estimate an eight day trial.

**12.    Request for a jury trial:** Plaintiff has requested a jury trial.

4

**13.    Status of settlement discussions:** The parties have not discussed settlement.

**14.    Consent to proceed before a Magistrate Judge:** The parties are discussing this with their clients.

**15.    Counsel of Record for Each Party and Expected Lead Trial Counsel:**  See below.

Expected lead trial counsel is indicated with an asterisk.

**Dated: September 2, 2008**                              **Respectfully submitted,**

| **Plaintiff Herand Abcarian, M.D., F.A.C.S.** | **Defendant Michael Trucco** |
|---|---|
| By:   s/ Joseph M. O'Callaghan<br>       One of his attorneys | By:   s/ John J. Duffy<br>       One of his attorneys |
| Joseph Michael O'Callaghan*<br>Ashley Lyles<br>O'Callaghan & Colleagues, P.C.<br>208 West Washington, Suite 2301<br>Chicago, Illinois 60606<br>312-332-1600 | John J. Duffy*<br>Michael J. Borree<br>Edward E. Fu<br>Donohue Brown Mathewson & Smyth LLC<br>140 South Dearborn, Suite 800<br>Chicago, Illinois 60603<br>312-422-0900 |
|  | **Defendants Timothy McDonald, M.D., J.D., Patricia Kale, William H. Chamberlin, Jr., M.D., Nikki Centomani, Stuart Allen, Barbara McColgin, Chris J. Mollet, Esq., Thomas R. Bearrows, Esq., Christine Flaningam and the Board of Trustees of the University of Illinois** |
|  | By:   s/ William D. Heinz<br>       One of their attorneys |
|  | William D. Heinz*<br>Richard P. Steinken<br>Monica R. Pinciak-Madden<br>Jenner & Block LLP<br>330 North Wabash<br>Chicago, Illinois 60611<br>312-222-9350 |

5