IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HERAND ABCARIAN, )
)
     Plaintiff, )
)
v. ) No. 08 C 3843
)
TIMOTHY MCDONALD, et al., )
)
     Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Herand Abcarian's (Abcarian) motion for reconsideration and for leave to file an amended complaint. For the reasons stated below, we deny both motions.

## BACKGROUND

Abcarian alleged that he was employed as a physician by the University of Illinois at the University of Illinois Medical Center at Chicago. Abcarian allegedly treated John Behzad, who later died. A settlement was allegedly later reached involving a state wrongful death action (State Action) and Abcarian contends that Defendants conspired to reach the settlement without Abcarian's knowledge or consent. Abcarian contends that Defendants also conspired to settle the State Action

1

so that they could damage his reputation by reporting the settlement to the Division of Professional Regulation of the Illinois Department of Financial and Professional Regulation, and the National Practitioners Data Bank, the organizations responsible for collecting information on malpractice suits and settlements.  Abcarian also contends that Defendants retaliated against him for complaining about matters such as rising premiums for professional liability insurance, risk management and safety issues, faculty recruitment, compensation, and fringe benefits.

Abcarian brought the instant action, and included in his amended complaint claims brought pursuant to 42 U.S.C. § 1983 (Section 1983) for alleged violations of his First Amendment rights (Counts I and IV), Section 1983 procedural due process claims (Count II), Section 1983 substantive due process claims (Count III), Section 1983 deprivation of right to trial by jury claims (Count V), Section 1983 equal protection claims (Count VI), claims seeking equitable and other relief for continuing damages (Count VII), breach of fiduciary duty claims (Count VIII), intentional of infliction of emotional distress (IIED) claims (Count IX), abuse of process claims (Count X), and libel claims (Count XI).  Defendants moved to dismiss all claims.

On March 9, 2009, we granted Defendants' motion to dismiss the federal claims in this case and dismissed the remaining state claims without prejudice.  Since the court had denied all relief available to Abcarian, the Clerk of the Court, pursuant to Federal Rule of Civil Procedure 58(b)(1), promptly entered judgment in this case on March 9, 2009.  Abcarian requests, pursuant to Federal Rule of Civil Procedure 59(e) (Rule 59(e)), that the court reconsider the March 3, 2009 dismissal  and

requests leave to file a second amended complaint.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten business days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 6. Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence'" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

## DISCUSSION

We note initially that Abcarian has not challenged the court's dismissal of all claims brought against Defendant Board of Trustees of the University of Illinois based on the Board's Eleventh Amendment protection. Nor has Abcarian challenged the court's dismissal of the Section 1983 deprivation of right to trial by jury claims (Count V).

I.  Final Judgment

Abcarian argues in his motion that he filed a Rule 59(e) motion and a motion for leave to file an amended complaint, in part, because he does not believe that the court entered a final judgment on March 9, 2009.  Abcarian bases this conclusion on the accompanying minute order stating that Defendants' motion to dismiss "Plaintiff's first amended complaint is granted in its entirety."  (DE 55).  However, Abcarian incorrectly presumes that the reference to the amended complaint with the dismissal order meant that the court was merely dismissing the complaint and not the action.  As the memorandum opinion makes abundantly clear, the court dismissed the action, not the amended complaint.  The Clerk of Court also then entered a separate final judgment in the case. (DE 57).  Thus, a final judgment was entered in this case on March 9, 2009.

II.  First Amendment Claims (Counts I and IV)

Abcarian contends that the court erred in dismissing his First Amendment claims.  The court dismissed Abcarian's First Amendment claims since the facts alleged by Abcarian indicated that he was speaking as part of his official duties.  There was no indication in his allegations that his speech was not "part of the tasks he was employed to perform. . . ." *Sigsworth v. City of Aurora,* 487 F.3d 506, 511 (7th Cir. 2007).  Abcarian did not present facts that plausibly suggest that he was speaking out as a citizen on matters of public concern.  *See id.* at 509 (providing elements for a public employee's First Amendment retaliation claim).  Abcarian

contends that the court misunderstood his claims. He now asserts that, although he alleged that the statements made were during his course of employment, he did not mean to imply that he was alleging First Amendment claims relating to his employment. However, as Defendants point out, Abcarian has failed to show how his allegations, which involved complaints by him about matters such as faculty compensation and fringe benefits, implied anything other than a First Amendment retaliation claim relating to public employment. Even the heading for his First Amendment claim of "Violations of 42 U.S.C. § 1983: Free Speech on Matters of Public Concern," points to the legal standard for a First Amendment retaliation claim and suggests only that Abcarian is pursuing such a claim. (A. Compl. 30). Abcarian has not shown that the court erred in dismissing his First Amendment claims and has not pointed to any new arguments or evidence that he could not have presented earlier. Abcarian's arguments are merely regurgitations of the arguments he presented earlier.

Abcarian's attempt to avoid the dismissal of the First Amendment claims after the fact by characterizing his allegations in a different light is unpersuasive. For example, Abcarian contends now that "this case does not involve any action taken against Dr. Abcarian by his employer." (Reply 1). Abcarian asserts that he is not intending to bring any claim against his employer, pointing out that "[i]n the proposed Second Amended Complaint, [he] makes no claim against his employer." (Reply 9). However, Defendants' motion to dismiss was premised upon Abcarian's first amended complaint, a complaint in which he did indicate that he was employed

5

by the University of Illinois Medical Center at Chicago, and in which he named as a Defendant the Board of Trustees of the University of Illinois. (A. Compl. 1, 3). Abcarian's attempts to re-characterize his claims are untimely.

Abcarian also argues that in *Trejo v. Shoben*, 319 F.3d 878 (7th Cir. 2003), the court held "that at the pleading stage, public concern should be presumed." (Recon. 5). In *Trejo*, the Court did caution that generally the determination of whether an individual was speaking out on a matter of public concern cannot be resolved at the pleading stage. 319 F.3d at 885. However, the holding in *Trejo* was premised on a pleading standard taken from *Gustafson v. Jones*, 117 F.3d 1015 (7th Cir. 1997), which relied upon by *GATX Leasing Corp. v. National Union Fire Ins. Co.*, 64 F.3d 1112 (7th Cir. 1995), which relied upon the United State Supreme Court's holding in *Conley v. Gibson*, 355 U.S. 41 (1957). 355 U.S. at 45-46; 319 F.3d at 885; 117 F.3d at 1017; 64 F.3d at 1114. The principle in *Conley*, that a "'motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief'" was recently abrogated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), which this court expressly relied upon in ruling on Defendants' motion to dismiss. *Id.* at 1959-60.

Abcarian also complains that the court, in its prior opinion, went "to some length to sort through [Abcarian's] allegation of his Free Speech protected statements to find that he only alleged speech that was part of his job." (Recon. 4). Such an argument, however, shows nothing more than that the court did what it was supposed to do by basing its opinion on a thorough review of all the allegations in Abcarian's

6

48-page amended complaint. The court ruled based on the totality of Abcarian's allegations to assess whether he plausibly suggested a valid claim. Abcarian also contends that the court improperly ruled on the "motion to dismiss as though it were a motion for summary judgment" and asserts that the court improperly conducted a "factual analysis." (Recon. 4). Abcarian, however, fails to point to any facts or evidence that the court relied upon outside of the allegations offered by Abcarian himself. It was Abcarian's own allegations that failed to plausibly suggest a right to relief on his First Amendment claim, and a dismissal was appropriate under Federal Rule of Civil Procedure 12(b)(6). Therefore, we deny Abcarian's motion for reconsideration as to the First Amendment claims (Counts I and IV).

III. Procedural Due Process Claims (Count II)

Abcarian argues that the court erred in dismissing his procedural due process claims. He contends that, although the court properly found that he had a protectable interest in a blemish-free license to practice medicine, the "the court erred in finding that Dr. Abcarian had been accorded his Procedural Due Process rights in the matter." (Recon. 5). However, the court never made such a "finding" that Abcarian had received due process. Rather, as explained in the court's prior ruling, Abcarian had failed to provide allegations that would plausibly suggest a valid procedural due process claim. (3/9/09 MO 5, 17-18). Based on Abcarian's own allegations, there was no indication that he had been denied due process. (A. Compl. Par. 105). Abcarian continues to assert a desire to reenter the State Action to obtain a "right to

7

contest the settlement or the disposition of the" State Action. (Recon. 6). However, Abcarian acknowledges in his amended complaint that he was allowed to enter the State Action and the plaintiff then chose to voluntarily dismiss the case. (A. Compl. Par. 105). Abcarian thus indicates he was accorded due process in the State Action. As we explained in our prior ruling, to the extent that Abcarian still has some disagreement with the University of Illinois Medical Center at Chicago regarding the reporting of the settlement and amending those reports, that was not a part of the proceedings in the State Action and is not a part of the due process issues in this case. Therefore, we deny the motion for reconsideration of the dismissal of the procedural due process claims (Count II).

IV. Substantive Due Process Claims (Count III)

Abcarian argues that the court erred in dismissing his substantive due process claims. Abcarian contends that the court erred in concluding that the state-created danger theory applied in a situation where a publicly employed individual or entity failed to protect an individual from harm from a private actor. As we explained in our prior ruling, the doctrine of state-created danger is not applicable in this case since it is applied in regard to protecting individuals from harm stemming from private actors. *King v. East St. Louis School Dist., 189*, 496 F.3d 812, 818 (7th Cir. 2007). Abcarian contends that there are "several cases that hold that the actor need not be a private citizen for the state-created danger theory to come into force." (Recon. 7). The only precedent from this Circuit referred to by Abcarian is *White v.*

8

*Rochford*, 592 F.2d 381 (7th Cir. 1979). (Recon. 7). In *White*, the police arrested a man who had young children with him. *Id.* at 382. The police arrested the man, leaving "all three children in an abandoned automobile on the side of the road" and "[u]nder exposure of the cold, the children finally realized that they had no alternative but to leave the car, cross eight lanes of traffic and wander on the freeway at night in search of a telephone." *Id.* As the above description of the situation by the Court in *White* indicates, the Court in assessing the danger to the children, was concerned with their exposure to potential harm by private sources, not the officers involved in the scene or other state actors involved in the arrest. *Id.* at 382-83.

As the Seventh Circuit indicated in *King v. East St. Louis School Dist., 189*, 496 F.3d 812 (7th Cir. 2007), which Abcarian himself cites in his motion for reconsideration, (Recon. 7), the state-created danger theory was an exception to the general rule that the "Due Process Clause of the Fourteenth Amendment generally does not impose upon the state a duty to protect individuals *from harm by private actors*." *Id.* at 817 (emphasis added). In the instant action, as the court indicated in its prior ruling, Abcarian has not alleged facts that would suggest that any of the publicly employed individuals involved in this case failed to protect him from harm that stemmed from private actors. This is further illustrated by Abcarian's motion for reconsideration in which he continues to argue that his substantive due process claim is based on the need to protect the public from "the public servants tha[t] intentionally set out to damage the reputation and medical license of someone they perceive as some sort of enemy." (Recon. 8). In addition, as indicated in our prior

ruling, even if the state-created danger theory was applicable, Abcarian has not alleged facts that would plausibly suggest that he was subjected to the level of danger generally associated with the state-created danger theory. Thus, Abcarian has not shown that the court erred in concluding that the state-created danger theory is not applicable in this case. Therefore, we deny the motion for reconsideration of the dismissal of the substantive due process claims (Count III).

V. Equal Protection Claims (Count VI)

Abcarian argues that the court erred in dismissing the equal protection claims. Abcarian argues that "this case is not about job action taken against him" and this court improperly considered the holding of *Engquist v. Oregon Dept. of Agr.*, 128 S.Ct. 2146 (2008) in the public employment context. Abcarian is merely repeating an argument already presented to the court. As we stated in our prior ruling, Abcarian indicated that he is pursuing a class-of-one equal protection claim. Abcarian's amended complaint includes allegations concerning alleged wrongdoing in the public employment context. The United States Supreme Court has held that although the Equal Protection Clause still applies to public employers, the "class-of-one theory of equal protection has no application in the public employment context. . . ." *Engquist*, 128 S.Ct. at 2155-56. Abcarian has not shown that the court erred in concluding that his equal protection claim is barred under *Engquist*.

Abcarian also contends the that court misunderstood his allegations when it looked too much into the fact that he was employed by a public university. Abcarian

states that "[i]t is a matter of complete indifference to his [equal protection] claim whether he happens to have been victimized in his capacity as a physician employed by a public university, a physician employed at a private hospital or as a physician employed by any other entity." (Recon. 9). However, such a statement is contrary to case law. If Abcarian was employed by a private entity, it would not be a state actor and he would not be able to pursue a Section 1983 claim on that basis. *Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir. 2007)(indicating that for a Section 1983 claim, the defendant "insurer [wa]s not an appropriate party to the suit because it is not a state actor, nor did it deprive [the plaintiff] of any constitutional rights while acting under the color of a state statute"). Therefore, we deny the motion for reconsideration of the dismissal of the equal protection claims (Count VI).

VI. Equitable Relief and Other Relief for Continuing Violations (Count VII)

Abcarian also argues in this motion for reconsideration that he should be allowed to seek equitable relief for continuing violations of his rights. However, Abcarian failed to state a valid federal claim and the court has declined to exercise supplemental jurisdiction over the remaining state claims. Since no claims remain in this case, Abcarian's request for equitable relief is improper. Therefore, based on the above, we deny Abcarian's motion for reconsideration in its entirety.

VII. Motion For Leave to Amend Complaint

Abcarian also moves for leave to file yet another amended complaint.

Abcarian has already been allowed to amend the complaint once in this action and has still failed to state a valid federal claim. Even if the court allowed him to file his proposed second amended complaint, it would be futile and would not cure the deficiencies in his prior pleading with the added conclusory statements such as the express assertions that he was speaking out as a "citizen on matters of public concern. . . ." (SA Compl. Par. 25). Finally, Abcarian is precluded from amending his complaint since the instant action has not been reinstated. *See Sigsworth*, 487 F.3d at 511 (citing *Paganis v. Blonstein*, 3 F.3d 1067, 1073 n.8 (7th Cir. 1993) for the proposition that "unless a final judgment is set aside or vacated, a plaintiff may not amend her complaint"). On March 9, 2009, this court dismissed the instant action, and the Clerk of Court promptly entered judgment pursuant to Federal Rule of Civil Procedure 58(b)(1) since the court had denied Abcarian all relief. The court has not vacated the judgment and thus, Abcarian may not amend his complaint for the second time. Therefore, we deny Abcarian's motion for leave to file a second amended complaint.

## CONCLUSION

Based on the foregoing analysis, we deny Abcarian's motion for reconsideration and deny his motion for leave to file a second amended complaint.

                                       _____
                                       Samuel Der-Yeghiayan
                                       United States District Court Judge

Dated:   August 10, 2009